Douglas A. Winthrop (No. 183532)
douglas.winthrop@arnoldporter.com
Nina Leviten (No. 351970)
nina.leviten@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:   415-471-3100
Facsimile:   415-571-3400

Alex Beroukhim (No. 220722)
alex.beroukhim@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:   213-243-4000
Facsimile:   213-243-4199

Attorneys for Defendant
FLOCK GROUP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL JAVORSKY and ANTHONY MAYOR, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>FLOCK GROUP INC.,<br><br>　　　　　　Defendant. | Case No. 3:26-cv-2382<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF PUTATIVE CLASS ACTION** |

- 1 -

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Flock Group Inc. ("Flock") hereby gives notice of the removal of the above-entitled action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.  In support thereof, Flock states as follows:

### INTRODUCTION

1.      On February 26, 2026, Plaintiffs Daniel Javorsky and Anthony Mayor filed this putative class action against Defendant Flock in the Superior Court of the State of California for the County of San Francisco, Case No. CGC-26-634334, a true copy of which is attached hereto as **Exhibit A**. Flock received the Complaint through service on March 13, 2026.

2.      The Complaint asserts five causes of action: (1) violation of Cal. Civ. Code §§ 1798.90.5 *et seq.*; (2) negligence; (3) invasion of privacy under California Constitution Art. 1, Sec. 1; (4) intrusion upon seclusion; and (5) violations of Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* Plaintiffs seek to represent two putative classes, defined as: (1) "All individuals whose license plate data was collected in California by the Flock ALPR system and was accessible by, and thus disclosed to, federal law enforcement agencies, out-of-state agencies," and (2) "All individuals whose license plate data was collected in California by the Flock ALPR system and was searched for by federal law enforcement agencies and/or out-of-state agencies." Compl. ¶ 168.

3.      As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

### JURISDICTION AND VENUE ARE PROPER

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a), and 1446(a) because the Superior Court of the State of California for the County of San Francisco, where the Complaint was filed, is a state court within the Northern District of California.

- 2 -

5.    This case is removable under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (1) there is minimal diversity between the parties; (2) there are at least 100 class members; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

## I.    THIS CASE IS REMOVABLE UNDER CAFA

6.    "CAFA gives federal courts jurisdiction over certain class actions . . . if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* at 89 (quoting S. Rep. No. 109-14, p. 43 (2005)). Accordingly, "[n]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.*

7.    Evidentiary proof that these requirements are met need not be submitted with the notice of removal. The notice is sufficient if it constitutes a "short and plain statement of the grounds for removal." *Dart Cherokee*, 574 U.S. at 87; *De Vega v. Baxter Healthcare Corp.*, 507 F. Supp. 3d 1214, 1216 (N.D. Cal. 2019).

### A.    The Parties Are Completely Diverse Therefore There Is Minimal Diversity Under CAFA

8.    For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Unlike traditional diversity jurisdiction, which requires complete diversity of citizenship between the parties, CAFA requires only minimal diversity. 28 U.S.C. § 1332(d)(2)(A). This requirement is met where any member of the putative class is a citizen of a state different from any defendant. *Id.* This action satisfies complete diversity and thus also satisfies CAFA's minimal diversity requirement.

9.    Defendant Flock is a citizen of the State of Delaware and the State of Georgia. It is incorporated in Delaware with its principal place of business in Atlanta, Georgia. Compl. ¶ 19.

10.    Plaintiff Javorsky is a citizen of California. *Id.* ¶ 17.

11.    Plaintiff Mayor is a citizen of California. *Id.* ¶ 18.

- 3 -

12.    Because Plaintiffs are citizens of California and Flock is a citizen of Delaware and Georgia, there is complete diversity and therefore the minimal diversity required under CAFA.

**B.    Plaintiffs' Proposed Class Includes at Least 100 Members**

13.    Plaintiffs seek to represent two putative classes consisting of 1) "All individuals whose license plate data was collected in California by the Flock ALPR system and was accessible by, and thus disclosed to, federal law enforcement agencies, out-of-state agencies," and (2) "All individuals whose license plate data was collected in California by the Flock ALPR system and was searched for by federal law enforcement agencies and/or out-of-state agencies." Compl. ¶ 168.

14.    The Complaint alleges that class members "are *so numerous* that their individual joinder is impracticable," and that "[t]here are millions of drivers throughout California whose license plates were photographed, time stamped, and geolocation data collected by Flock." *Id.* ¶ 172 (emphasis added).

15.    Flock disputes that the proposed class could ever be certified. But by Plaintiffs' own admission, their proposed class includes millions of members, far exceeding the 100-member threshold.

**C.    The Amount in Controversy Exceeds $5,000,000**

16.    Flock disputes that it is liable for the claims Plaintiffs assert in the Complaint.

17.    Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6).

18.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.*

19.    While Plaintiffs do not plead a specific amount of damages, the aggregate amount in controversy here exceeds $5,000,000, satisfying the CAFA requirement. *See Dart Cherokee*, 574

- 4 -

U.S. at 84 ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." (citing 28 U.S.C. § 1446(c)(2)(A)).

20. Plaintiffs seek, in relevant part, the following relief on behalf of the putative class:

- Damages of $2,500 per violation and punitive damages. Compl. ¶ 192.
- "[A]ctual or liquidated damages (whichever is higher)." *Id.* at p. 56, Prayer for Relief.
- Punitive damages. *Id.*
- Injunctive relief. *Id.*
- "[R]easonable attorneys' fees and expenses and costs of suit pursuant to Cal. Code of Civil Procedure § 1021.5 and/or other applicable law." *Id.*

21. **Statutory Damages:** The Complaint alleges that Plaintiffs seek statutory damages of "not less than $2,500 per violation" of Civil Code section 1798.90.5 *et seq. Id.* ¶ 192. Because the Complaint alleges that there are millions of individuals whose license plate data has been collected by Flock in California (*id.* ¶ 172), and because Plaintiffs allege that each of those individuals can assert a violation of the statute, the total amount of statutory damages that Plaintiffs are seeking far exceeds the $5,000,000 jurisdictional minimum under CAFA.

22. **Attorneys' Fees:** Even if Plaintiffs were not seeking statutory damages, the amount would still exceed $5,000,000 in the aggregate as Plaintiffs also seek to recover their attorneys' fees under Cal. Code of Civil Procedure § 1021.5 and other applicable law, and costs. Compl. at p. 56. The Ninth Circuit has held that "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). This further increases the amount to over the $5,000,000 threshold for the putative class.

## II.    ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A.    This Notice of Removal Is Timely

23. This Notice of Removal is timely filed. Flock received the Complaint through service on March 13, 2026. Because Flock filed the Notice of Removal on March 18, 2026, removal is timely. *See* 28 U.S.C. § 1446(b)(1).

- 5 -

**B.     Procedural Requirements Under Section 1446(a)**

24.     Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings, and orders" served on it in the state court action. True and correct copies of the Complaint and all papers filed in the state court action are attached hereto as **Exhibits A through F**. As required by 28 U.S.C. § 1446(d), Flock will file an appropriate notice in the state court action and will serve on all counsel of record a true and correct copy of this Notice of Removal.

**III.     RESERVATION OF RIGHTS**

25.     By filing this Notice of Removal, Flock does not waive any defense that may be available to it and reserves all such defenses. If any question arises as to the propriety of the removal to this Court, Flock requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

**CONCLUSION**

WHEREFORE, Flock Group Inc. hereby removes this action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California.

Dated: March 18, 2026

Arnold & Porter Kaye Scholer LLP

By:     */s/ Douglas A. Winthrop*
Douglas A. Winthrop
Alex Beroukhim
Nina Leviten

Attorneys for Defendant Flock Group Inc.

NOTICE OF REMOVAL                                    Case No. 3:26-cv-2382